IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br>    Plaintiff,<br><br>  v.<br><br>DAVID R. GIBSON, et al.,<br><br>    Defendants. | Civil Action No. 15-363-RGA |

MEMORANDUM ORDER

Defendant William B. North filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6). (D.I. 36). Defendant Robert V.A. Harra later joined the motion. (D.I. 43). Defendants argue that Plaintiff's complaint should be dismissed because (1) it does not claim that Defendants violated "GAAP or any other authority" in reporting past due loans, and (2) the complaint therefore does not establish a strong inference of scienter. (D.I. 37 at 9-10).

When reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must accept the complaint's factual allegations as true. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* at 555. The factual allegations do not have to be detailed, but they must provide more than labels, conclusions, or a "formulaic recitation" of the claim elements. *Id.* ("Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."). Moreover, there must be sufficient factual matter to state a

1

facially plausible claim to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The facial plausibility standard is satisfied when the complaint's factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* ("Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." (internal quotation marks omitted)).

Federal Rule of Civil Procedure 9(b) imposes a heightened pleading standard on claims of fraud. The Rule requires that, "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). "Rule 9(b) requires plaintiffs to plead with particularity the 'circumstances' of the alleged fraud in order to place the defendants on notice of the precise misconduct with which they are charged, and to safeguard defendants against spurious charges of immoral and fraudulent behavior." *Seville Industrial Machinery Corp. v. Southmost Machinery Corp.*, 742 F.2d 786, 791 (3d Cir. 1984). To state the circumstances of the fraud with particularity in the Third Circuit, a plaintiff must plead: "(1) a specific false representation of material fact; (2) knowledge by the person who made it of its falsity; (3) ignorance of its falsity by the person to whom it was made; (4) the intention that it should be acted upon; and (5) that the plaintiff acted upon it to his damage." *Christidis v. First Pennsylvania Mortgage Trust*, 717 F.2d 96, 99 (3d Cir. 1983).

Defendants assert that Rule 9(b) requires that Plaintiff's complaint cite a "statute, regulation, guidance, generally accepted accounting principle or other authority supporting its" definition of "past due." (D.I. 37 at 7-8). Defendants argue that Plaintiff's complaint does not do so and thus must be dismissed. (*Id.* at 9). In support of this argument, Defendants cite to

cases where courts have deemed dismissal appropriate when the complaint alleged a general breach of accounting principles, but did not identify a specific accounting principle that was breached. (*Id.* at 7-8) (citing *Christidis*, 717 F.2d 96; *Shapiro v. UJB Financial Corp.*, 964 F.2d 272 (3d Cir. 1992); *U.S. ex rel. Atkinson v. Pennsylvania Shipbuilding Co.*, 2000 WL 1207162 (E.D. Pa. August 24, 2000)).

       Unlike Defendants, I do not read these cases to require that Plaintiff's complaint cite to some regulation or authority in identifying a reasonable accounting practice to adequately plead that Defendants departed from that practice. The cases cited by Defendants merely instruct that, when a complaint alleges an action was fraudulent for departing from an accounting principle, the complaint must identify what that principle is and how it was departed from, ensuring that a defendant is put "on notice of the precise misconduct with which they are charged." *Seville*, 742 F.2d at 791; *see Christidis*, 717 F.2d at 100; *Shapiro*, 964 F.2d at 284-85; *U.S. ex rel. Atkinson*, 2000 WL 1207162, at *13-14. These cases do not require that any complaint alleging accounting fraud must cite to "GAAP or any other authority." (D.I. 37 at 9).

       In the instant suit, Plaintiff's complaint adequately pleads the circumstances of the fraud alleged and puts Defendants on notice of the charges of fraud against them. The complaint alleges that Defendants engaged in fraud by knowingly making, or aiding and abetting in making, material false statements in certain 2009 and 2010 SEC filings of the Wilmington Trust Corporation (the "Bank"). (D.I. 1 at ¶ 1). Plaintiff's complaint alleges that these statements were false because they omitted material disclosures concerning the Bank's accruing loans 90 days or more past due." (*Id.*; *see* ¶¶ 24, 33, 40, 62, 78, 80). The complaint defines "past due": "A 'matured' loan is a loan that has reached the end of its term without its principal being paid off or its term renewed or extended. Matured loans are past due as long as principal remains

owing." (*Id.* at ¶ 23). The complaint alleges that Defendants knew or recklessly disregarded that they were making false and misleading statements in the Bank's SEC filings. (*See id.* at ¶¶ 26, 63, 81). Accepting the allegations in Plaintiff's complaint as true, the complaint adequately pleads that Defendants knowingly made, or aided and abetted others in making, material false disclosures in certain SEC filings by omitting the Bank's accruing loans 90 days or more past due.

Defendants' motion also argues that, because the complaint did not set out "a statute, regulation, guidance, generally accepted accounting principle or other authority" supporting Plaintiff's definition of "past due," the complaint does not sufficiently plead that Defendants knowingly or recklessly departed from any such statute, regulation, etc. (D.I. 37 at 10). As stated above, I do not think it is required that Plaintiff's complaint cite to authority in alleging that the loans omitted from certain reports were past due. Thus, I disagree with Defendants that a strong inference of Defendants' scienter cannot be drawn from the complaint because it does not cite to authority in defining "past due." Further, Plaintiff's complaint adequately pleads that Defendants knew of, or recklessly disregarded, the false or misleading statements in the Bank's SEC filings. (D.I. 1 at ¶¶ 24, 26-31, 47-63, 71-82).

Therefore, Defendants' motion to dismiss (D.I. 36) is **DENIED**.[1]

Entered this 29th day of July, 2020.

 /s/ Richard G. Andrews
United States District Judge

---

[1] Plaintiff's answering brief argues that Defendants' motion should also be denied because Defendants' convictions in the related criminal case, *USA v. Wilmington Trust Corporation et al.*, No. 15-cr-23, collaterally estop Defendants from challenging the fraud claims in the instant complaint. (D.I. 40 at 12-14). Because I deny Defendants' motion on other grounds, I need not and do not consider Plaintiff's collateral estoppel arguments.